**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KENNETH PEACH,**

**Plaintiff,** **CASE NO.:**

**v.**

**WESLEY CHAPEL-T, LLC d/b/a WESLEY CHAPEL TOYOTA, and LITHIA MOTORS, Inc. d/b/a WESLEY CHAPEL TOYOTA,**

**Defendants.**

______________________________________/

## COMPLAINT

Plaintiff, KENNETH PEACH, by and through his undersigned counsel, hereby sues Defendants, WESLEY CHAPEL-T, LLC d/b/a WESLEY CHAPEL TOYOTA, and LITHIA MOTORS, INC. d/b/a WESLEY CHAPEL TOYOTA, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367, the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.; and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, KENNETH PEACH (hereinafter "Plaintiff"), is a resident of Pasco County, Florida.

4. Defendant, WESLEY CHAPEL-T, LLC d/b/a WESLEY CHAPEL TOYOTA, is a Florida limited liability company doing business in this Judicial District and operates a motor vehicle dealership located at 5300 Eagleston Boulevard, Wesley Chapel, Florida 33544.

5. Defendant, LITHIA MOTORS, INC. d/b/a WESLEY CHAPEL TOYOTA, is a foreign corporation authorized and doing business in this Judicial District and, upon information and belief, owned, operated, managed, controlled, and/or employed Plaintiff in connection with the Wesley Chapel Toyota dealership.

## GENERAL ALLEGATIONS

6. At all times material, Defendants constituted an integrated enterprise and/or joint employer of Plaintiff. Defendants shared common ownership, management, operations, control over labor relations, human-resources functions, employee-relations functions, employment policies, hiring and termination authority, leave-administration processes, job-application systems,

and/or decision-making authority concerning Plaintiff's employment. Defendants jointly participated in, controlled, approved, ratified, and/or implemented the decisions to rescind Plaintiff's job offer, place Plaintiff on medical leave, terminate Plaintiff's employment, and reject Plaintiff's subsequent applications for employment.

7. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

8. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

9. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

11. Plaintiff filed a timely Charge of Discrimination, EEOC Charge No. 511-2026-00607, against Defendants with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging discrimination on the basis of disability and retaliation. A copy of the charge is attached as Exhibit "A".

12. On June 26, 2026, the Equal Employment Opportunity Commission issued a Determination and Notice of Rights related to Plaintiff's Charge of

Discrimination. This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue. A copy of the Right to Sue is attached as Exhibit "B".

13. Plaintiff has satisfied all conditions precedent to bringing this action.

## FACTUAL ALLEGATIONS

14. Plaintiff applied for an open Service Advisor position with Defendants on or about August 2025.

15. Plaintiff was interviewed for the Service Advisor position, was offered the job, and was provided a start date of October 6, 2025.

16. In late September 2025, Plaintiff was diagnosed with a condition that substantially limits one or more of his major life activities and major bodily functions.

17. Plaintiff informed Defendants' Service Manager, Roland Lavigne, that while he could start on October 6, 2025, he had a doctor's appointment the following day. Mr. Lavigne offered to push back Plaintiff's start date so that Plaintiff could address the medical matter.

18. On or about October 9, 2025, before Plaintiff began work, Mr. Lavigne sent Plaintiff a text message informing him that, "under the circumstances," Defendants were rescinding the job offer.

19. Plaintiff contacted Defendants' Human Resources department to report the rescission of his offer. Human Resources indicated that it would investigate the matter.

20. The following week, Human Resources informed Plaintiff that there had been a mistake and that Defendants could place Plaintiff on medical leave in lieu of rescinding his offer.

21. Plaintiff's start date was thereafter set for October 13, 2025, and Defendants placed Plaintiff on a medical leave of absence beginning October 13, 2025.

22. On or about February 1, 2026, Plaintiff received a letter from Defendants informing him that he was no longer employed due to purported job abandonment.

23. At no time did Plaintiff abandon his position. Plaintiff remained in communication with Defendants regarding his medical condition and his need for leave, and Defendants were aware that Plaintiff's absences were the result of his disability and related medical treatment.

24. After his separation, Plaintiff contacted Defendants' Employee Relations department. Employee Relations told Plaintiff that he could apply for any open positions with Defendants.

25. Plaintiff, who was highly qualified, promptly applied for five open positions at various locations operated by Defendants. Plaintiff was rejected almost immediately after submitting each application without explanation.

26. When Plaintiff informed Employee Relations of the immediate rejections, he was told that it was impossible for the applications to have been rejected so quickly. Upon checking Defendants' system, Employee Relations confirmed that Plaintiff's applications had in fact been rejected.

27. Employee Relations represented to Plaintiff that it would find him a job or position with Defendants. To date, Defendants have not contacted Plaintiff, and Plaintiff has not been placed in any position.

28. The only material change in circumstances between the time Defendants offered Plaintiff employment and the time Defendants rescinded that offer, placed Plaintiff on leave, terminated Plaintiff, and rejected his subsequent applications was Plaintiff's disclosure of his disability and his need for accommodation related to that disability.

29. Defendants' stated reasons for rescinding Plaintiff's offer, terminating his employment, and rejecting his applications were pretextual. Defendants took each of these adverse actions because of Plaintiff's disability, his record of a disability, and/or because Defendants regarded Plaintiff as having a disability, and in retaliation for Plaintiff's request for accommodation of his disability.

30. Plaintiff has suffered loss of income, benefits, emotional distress, humiliation, and other damages as a result of Defendants' unlawful actions.

**COUNT I**
**DISABILITY DISCRIMINATION**
**(Under the Americans with Disabilities Act Amendments Act of 2008)**

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

32. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

33. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

34. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's condition substantially limited one or more major life activities and/or one or more major bodily functions.

35. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of the position.

36. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his known

disability, and/or because Defendants regarded him as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendants rescinded Plaintiff's job offer, terminated Plaintiff's employment, and refused to hire Plaintiff for open positions for which he was qualified.

37. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendants are liable.

38. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

39. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

40. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") FAILURE TO ACCOMMODATE**

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

42. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA") and was an employee within the meaning of the ADAAA.

43. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of the position.

44. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act, and Defendants failed to engage in the interactive process.

45. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT III
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 ("ADAAA") RETALIATION

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

47. Plaintiff engaged in statutorily protected activity by disclosing his disability and requesting a reasonable accommodation for that disability.

48. Plaintiff suffered adverse employment actions, including the rescission of his job offer, the termination of his employment, and the refusal to hire him for open positions, for engaging in protected activity and for opposing Defendants' discriminatory treatment of him, which actions are unlawful pursuant to the ADAAA, 42 U.S.C. § 12112 *et seq.*

49. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against him. Defendants took each adverse action shortly after Plaintiff disclosed his disability and requested accommodation.

50. The above-described acts constitute retaliation in violation of the ADAAA.

51. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT IV**
**FLORIDA CIVIL RIGHTS ACT**
**DISABILITY DISCRIMINATION**

52. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

53. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes.*

54. Plaintiff is an individual with a disability.

55. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability, record of a disability, and/or perceived disability.

56. Defendants failed to provide Plaintiff with a reasonable accommodation, which resulted in the rescission of Plaintiff's job offer and Plaintiff's termination, and refused to re-hire Plaintiff on the basis of his disability, record of a disability, and/or perceived disability.

57. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendants are liable.

58. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

59. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT V**
**FLORIDA CIVIL RIGHTS ACT**
**RETALIATION**

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

61. Plaintiff engaged in statutorily protected activity by disclosing his disability and requesting a reasonable accommodation, and by opposing Defendants' discriminatory treatment of him.

62. Plaintiff suffered adverse employment actions for opposing an employment practice made unlawful by Chapter 760, Florida Statutes. Specifically, Plaintiff opposed disability discrimination in the workplace and requested accommodation of his disability.

63. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against him.

64. The above-described acts of retaliation constitute a violation of Chapter 760, Florida Statutes, for which Defendants are liable.

65. As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT VI**
**FLORIDA CIVIL RIGHTS ACT**
**FAILURE TO ACCOMMODATE**

66. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 30.

67. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*, and was an employee within the meaning of the FCRA.

68. Plaintiff is a qualified individual with a disability within the meaning of the FCRA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of the position.

69. By the conduct described above, Defendants engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of his disability. Further, Plaintiff was denied a reasonable accommodation in violation of the FCRA, and Defendants failed to engage in the interactive process.

70. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## DEMAND FOR JURY TRIAL

71. Plaintiff, KENNETH PEACH, requests a jury trial on all issues so triable.

Dated this 21st day of September, 2026.

Respectfully submitted,

**FLORIN | GRAY**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQ.**
Florida Bar No.: 48943
miguel@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942
*Attorney for Plaintiff*

EEOC No. 511-2026-00607 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC<br>Florida Commission On Human Relations | 511-2026-00607 |

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Mr. Kenneth Peach

Phone No.: 330-860-0070

Year of Birth: 1963

Mailing Address: 10957 Teal Lagoon Isle San antoino

SAN ANTONIO, FL 33576

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Lithia Motors DBA Toyota of Wesley Chapel

No. Employees, Members: 101 - 200 Employees

Phone No.: (541) 776-6361

Mailing Address: 5300 EAGLESTON BLVD

WESLEY CHAPEL, FL 33544, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Disability, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 10/06/2025

Latest: 03/03/2026

Continuing Action

THE PARTICULARS ARE:

PERSONAL HARM: On or about August 2025, I applied for an open Service Advisor position with the above-named Respondent. I was interviewed, offered the job and provided a start date of October 6, 2025. In late September 2025, I was diagnosed with a disability and informed the Service Manager, Roland Lavigne, that while I could start on October 6, 2025, I had a doctor's appointment the next day. He offered to push back my start date so I could handle the matter. However, on October 9, 2025, he sent me a text informing me that under the circumstances, he is rescinding the job offer. I called Human Resources (HR) and while initially HR didn't sound too concerned, they did indicate that they would investigate. The next week, I was informed that there had been a mistake and that they could place me on medical leave. During this time, my doctor provided all the paperwork to the Respondent but to my surprise on February 1, 2026, I received a letter indicating that I was no longer employed due to job abandonment. I called Employee Relations (ER) and was told that I could apply for any open positions, and I have applied for five open positions, for which I am highly qualified for, at varying locations that the Respondent has; however, I was immediately rejected soon after applying. When I informed ER of this, I was told that it was impossible to have happened so quickly yet once they checked the system it was confirmed. ER told me that they would find me a job/position, yet, to date, I have not been contacted.

RESPONDENT'S REASON: I was told "due to circumstanced" for the rescinding of the job but I have not been provided a reason for the job abandonment or the lack of hiring.

DISCRIMINATION STATEMENT: I believe I have been discriminated against due to my disability, and/or denied a reasonable accommodation and/or retaliated against in violation of The Americans with Disabilities Act of 1990, as amended (ADAAA) and all applicable state statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Mr. Kenneth Peach

03/18/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

________________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary________________________________________

Printed Name __________________________________________

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Tampa Field Office
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

To: Mr. Kenneth Peach
10957 Teal Lagoon Isle
San Antonio, FL 33576

Charge No: 511-2026-00607

EEOC Representative and email: CYNTHIA WOODRUFF
INVESTIGATOR
CYNTHIA.WOODRUFF@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 511-2026-00607.

On behalf of the Commission,

Tamra S. Schweiberger
Digitally signed by Tamra Schweiberger
Date: 2026.06.26 14:57:54 -04'00'

Tamra S. Schweiberger
Director

Exhibit "B"